IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

v.                      CRIMINAL ACTION NO. 1:06cr20-5

TIMOTHY MOREDOCK,

         Defendant.

## **ORDER/OPINION**

On the 27th day of September, 2006, came the United States of America by Zelda Wesley, Assistant United States Attorney, and also came the defendant, Timothy Moredock, in person, and by his counsel, G. Ernest Skaggs, for hearing on the Petition for Action on Conditions of Pretrial Release filed July 5, 2006, alleging that Moredock violated his Conditions of Release.

### I. Procedural History

On June 26, 2006, Defendant was released on conditions set by Order. At Defendant's request, the Court amended his conditions that same day to include placement at a halfway house. Three days later, on June 29, 2006, the Court again amended Defendant's conditions of release at his request to remove the condition requiring him to reside at the halfway house, and to permit him to return to Ohio due to the illness of his grandmother.

The Adult Pretrial Services Officer filed the Petition of Action on Conditions of Pretrial Release on July 5, 2006. Defendant was arrested pursuant to the Court's order on August 20, 2006. Defendant had an Initial Appearance before the Court on September 19, 2006, and a full hearing was held on the Petition for Action on Conditions of Pretrial Release before the undersigned on September 27, 2006.

## II. Contentions

The Petition alleges that Defendant violated the condition of his release requiring him to report to U.S. Probation. The grounds for the alleged violations are stated as follows:

> On June 26, 2006, the defendant appeared before the Court for an initial appearance hearing. He was released on a personal recognizance bond under pretrial supervision. The defendant reported to the Probation Office as directed. He requested to be sent to a halfway house. The Probation Office communicated the defendant's request to the Court, and the Court subsequently amended the Order Setting Conditions of Release to include placement at a halfway house. The Probation Officer made the necessary arrangements and the defendant was admitted to Bannum Place of Clarksburg on June 26, 2006. On June 28, 2006, the defendant advised the Court, at his arraignment hearing, that he would like to go back to Ohio because his grandmother [was] ill. The Court again amended the Order Setting Conditions of Release to remove the condition requiring the defendant to reside at a halfway house. The Probation Officer contacted the U.S. Probation Office in the Southern District of Ohio, Cincinnati Office, and requested courtesy pretrial supervision of the defendant. The Probation Officer directed the defendant to report to Probation Officer Katrina Tibbs on Monday, July 2, 2006 at 9:30 a.m., and the defendant was provided with the address and phone number of the Probation Office in Cincinnati. On July 3, 2006, Officer Tibbs notified the undersigned officer that the defendant failed to report as directed. Officer Tibbs attempted to call the phone number the defendant provided for his residence, but the phone was disconnected. Officer Tibbs made contact with the defendant's father who told Officer Tibbs "Good Luck" in trying to locate the defendant. The defendant's father advised a cousin took the defendant to an unknown location where he could drink and be with his girlfriend. The undersigned officer attempted to contact the defendant's grandmother, but there was no answer at the phone number provided. The undersigned officer also attempted to contact the defendant's girlfriend, but her telephone number was temporarily disconnected. Therefore, the whereabouts of the defendant are unknown.

Prior to the taking of evidence, Defendant waived in writing the preliminary and final hearing as well as the detention hearing, admitting he had violated his conditions of release as alleged in the Petition for Action on Conditions of Pretrial Release by "jumping bond." From the colloquy between the Court and the defendant, the Court concludes Defendant's decision to waive the hearings was knowingly and voluntarily made.

It is therefore **ORDERED** that, pursuant to the provisions of 18 U.S.C. §3148 (a) , (b)(1)(B) and (2)(A) and (B), the release of Defendant Timothy Moredock on conditions is **REVOKED** and that:

1) Defendant be **REMANDED** to the custody of the United States Marshal pending further proceedings in this case;

2. Defendant be confined in a facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. Defendant be afforded a reasonable opportunity for private consultation with defense counsel;

4. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding; and

5. The Clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Probation Officer.

DATED: September 29, 2006.

/s *John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE